HOUSE OF THE GOOD SHEPHERD IN BINGHAMTON, Respondent, *v.* THE RECTOR, CHURCH WARDENS AND VESTRYMEN OF THE CHURCH OF THE GOOD SHEPHERD IN THE CITY OF BINGHAMTON, COUNTY OF BROOME, STATE OF NEW YORK, Appellant, Impleaded with CHRIST CHURCH and Others, Defendants.

Third Department, November 15, 1923.

Wills — construction — devise of remainder to " Rector, Wardens and Vestrymen of the Chapel and House of the Good Shepherd "— there was no corporation with that name in city of Binghamton — there was corporation under name " Chapel and House of the Good Shepherd " and also corporation by name " The Rector, Church Wardens and Vestrymen of the Church of the Good Shepherd in the City of Binghamton "— intent of testatrix was to devise remainder to " Chapel and House of the Good Shepherd."

The testatrix devised a remainder to the Rector, Wardens and Vestrymen of Christ Church of the City of Binghamton, New York, and the Rector, Wardens and Vestrymen of the Chapel and House of the Good Shepherd of the City of Binghamton, New York, share and share alike. There was no corporation in the city of Binghamton bearing the last-mentioned name, but the plaintiff at the time the will was executed had the name of " Chapel and House of the Good Shepherd " and there was also a corporation with the name of " The Rector, Church Wardens and Vestrymen of the Church of the Good Shepherd in the City of Binghamton."

*Held,* that in view of all the circumstances and the testatrix's relation to the plaintiff and the fact that she was not a communicant of the Church of the Good Shepherd in the City of Binghamton, and was interested in the charitable work conducted by the plaintiff, the testatrix intended the devise to the Rector, Wardens and Vestrymen of the Chapel and the House of the Good Shepherd of the City of Binghamton to be a devise to the plaintiff.

APPEAL by the defendant, The Rector, Church Wardens and Vestrymen, etc., from certain portions of a judgment of the Supreme

Court, entered in the office of the clerk of the county of Broome on the 17th day of April, 1923, upon the decision of the court rendered after a trial before the court without a jury, construing the will of Eleanor M. Strong, deceased.

*Harvey D. Hinman*, for the appellant.

*Robert S. Wickham*, for the respondent.

Judgment so far as appealed from unanimously affirmed, with costs, on the opinion of McCann, J., at Special Term.

Present — Cochrane, P. J., Van Kirk, Hinman and Hasbrouck, JJ.; McCann, J.; not sitting.

The following is the opinion of the court below:

McCann, J.:

Eleanor M. Strong was a resident of the city of Binghamton, N. Y. On the 1st day of May, 1897, she made her last will and testament. She died April 23, 1898. Her will contained many provisions which are not material in the determination of this litigation, which is brought for the construction of a certain paragraph therein, which provides for a remainder, after certain life estates, and which reads as follows:

" In the event of the death of my said husband, and my said son without leaving children as aforesaid, then I give and devise the said real estate unto the Rector, Wardens and Vestrymen of Christ Church of the City of Binghamton, New York, and the Rector, Wardens and Vestrymen of the Chapel and House of the Good Shepherd of the City of Binghamton, New York, share and share alike, to them, and their successors and assigns in fee simple absolute."

The real estate referred to in this paragraph is known as the Masonic Temple property in the city of Binghamton. The undivided one-half interest devised to the " Rector, Wardens and Vestrymen of Christ Church of the City of Binghamton, New York," is unquestioned.

This controversy arises with reference to the title to the other undivided one-half interest. At the date of the execution of the will, there was located in the city of Binghamton a Protestant Episcopal church, the corporate name of which was and still is " Christ Church." There was, however, no church in the city of Binghamton having the corporate name of "' Rector, Wardens and Vestrymen of Christ Church of the City of Binghamton, New York," as designated in the quoted provision of said will. There was also in the city of Binghamton at the time of the making

of the will a corporation known as the " Chapel and House of the Good Shepherd," the title of which corporation, after the death of the testatrix, was changed to the " House of the Good Shepherd in Binghamton." The latter corporation is the plaintiff in this action. There was also at the time of the execution of said will another corporation in the city of Binghamton, which corporation is a defendant in this action, the corporate name of which was and still is " The Rector, Church Wardens and Vestrymen of the Church of the Good Shepherd in the City of Binghamton, County of Broome, State of New York." The question to be determined is which corporation, the plaintiff or the appellant, was intended by the testatrix to be the devisee of the undivided one-half interest in the real estate in question. Neither the plaintiff nor the appellant is designated in said will by its correct name. The name used in the will, however, contains language which might readily be held to refer to either the plaintiff or the appellant. Therefore, what was the intent of the testatrix? There is no dispute with reference to the legal propositions involved in this case. Both plaintiff and appellant cite the same legal authority. It is held in *St. Luke's Home* v. *Association for Indigent Females* (52 N. Y. 191 [1873]) as follows: " If there are two corporations, neither of which can claim under the precise name used by the testator, the question, if the name rather than the description is to control, is, which of the two is best or most nearly described by the name? and if the description is to prevail, then the question is, which of the two will best and most closely answer to the delineation of the corporation by the testator? "

In this case there are two corporations so near alike in name that proof has been taken to show the nature, objects and purposes of the plaintiff and the appellant and the relationship of the testatrix to such organizations as expressed not only in her will but also as determined from her connection therewith during her life. In order to determine the intent of the testatrix, it is necessary to refer to the nature of these corporations, and of their work at the time that the will was executed. At that time the plaintiff was a charitable organization and it was in reality a home for the aged, and not a religious institution except in so far as religious services occasionally might have been held in an institution of such a nature. The appellant was a church corporation holding regular services and having no charitable work connected with it except such as might be incidental to the work of any Protestant church. There is very little testimony to determine the intent of the testatrix from her personal activities in connection with either of said corporations, except that she was a member and a communicant of

Christ Church. It appears that both the plaintiff and the appellant were directly or indirectly organized by and supported at times by the members and officers of Christ Church and both received help therefrom.

Without reviewing all of the testimony in this case and the many arguments presented by counsel, I have arrived at the conclusion that it was the intent of the testatrix that the plaintiff in this action should be the devisee of the undivided one-half interest in such real estate, and my reasons for so deciding are as follows:

(1) At the time of making the will the plaintiff, as stated, was a charitable organization. Its name was the " Chapel and House of the Good Shepherd." The appellant was a religious corporation. Its name was " The Rector, Church Wardens and Vestrymen of the Church of the Good Shepherd in the City of Binghamton, County of Broome, State of New York." The will improperly prefaces the corporate name of the plaintiff with the words the " Rector, Wardens and Vestrymen of the." As a matter of fact there were no such officers in such corporation, its affairs being controlled by a board of trustees. The name, however, is more clearly indicative of the name of the plaintiff as it was at the time of the making of the will than it is of the name of the appellant at such time. The words " chapel and house " are too distinctive to be construed as meaning a church, especially when the two words are used together; therefore, it does not seem possible that the testatrix would have used the words " chapel and house " if she had intended to designate the religious corporation. The name of the appellant, a religious corporation, had in it the word " church " and was descriptive of the purposes for which such corporation was organized.

(2) It is not probable that the testatrix would have given to another church the same amount of money that she gave to the one of which she was a communicant, especially in view of the fact that in her will she made the following provision: " While I have, and hereby do, give and devise said property to the said two corporations, in the contingency above mentioned, in fee simple, yet it is my wish (though not my direction, and nothing herein contained shall be construed as a direction or a trust, but only a hope) that the said Christ Church will use its share of the rents, issues and profits of said real estate, and the rents, issues and profits of the fund derivable therefrom (if they shall see fit to sell and dispose of the same) for the benefit, aid and comfort of the poor and sick in the City of Binghamton, and vicinity."

This would indicate that she had in her mind as the primary purpose (although not absolute) of giving the money to her own church

to see that it was distributed for charity, and would indicate that the principal purpose of her will was to give all of her money to charity; that would be another reason for designating the plaintiff instead of the appellant. Furthermore, if she had given to Christ Church, and to the appellant, both religious corporations, an equal amount, and then had requested the distribution of the devise to Christ Church for charity, the result would have been that she would have given nothing to her own church for its own use and would have given half of the remainder of her estate to one in which she was not interested even as a communicant and would leave the appellant church better provided than her own. In this connection, it may be repeated that the appellant was not engaged in charitable work except such as was incidental to the work of any church.

(3) As a communicant of Christ Church the decedent would naturally be interested in the plaintiff as a charitable institution because it appears by the testimony that all the Protestant Episcopal churches in the city of Binghamton at that time were contributing to the support of the plaintiff corporation. The appellant argues with much force that the plaintiff had no rector, wardens or vestrymen or any one as officers whose names corresponded to the same, but that it was managed entirely by trustees and that it would have been a very unusual mistake for the testatrix to have designated such an institution under such a name. In answer to this, however, it may be said that the same mistake occurred with reference to the designation of Christ Church, to which the testatrix belonged, and with the corporate name of which she was supposed to have been familiar, and if the legacy to Christ Church, under such mistaken designation is concededly valid, why should not the same argument be applied to the error in the designation of the plaintiff? The same carelessness exhibited in drafting the provision for Christ Church may be said to have been repeated in drafting the provision for the plaintiff; the first carelessness, of course, being a natural one, on account of the fact that Christ Church was a religious corporation and was in fact under the management of the rector, wardens and vestrymen. The second mistake may have resulted in unwittingly repeating the same, in the dictation of the instrument.

To summarize, I read the will as a whole as one intended that the distribution of the remainder should go for charitable purposes. I realize fully the force of the argument presented by the appellant's attorney in his brief, where he so thoroughly analyzes the use of the names, and his discrimination between the use of terms as used at different times and under different conditions. I realize

fully the difficulty of trying to read the intent of the testatrix from language which was so carelessly and inaccurately expressed.

The interpretation of testamentary language is often difficult and the results are frequently unsatisfactory, but after carefully examining the testimony and the exhibits, I am satisfied that the plaintiff, the corporate name of which is now " House of the Good Shepherd in Binghamton," is entitled to a judgment construing this devise in its favor.

Judgment may be prepared, according to the findings herewith signed, with taxable costs to the plaintiff as against the defendant, " The Rector, Church Wardens and Vestrymen of the Church of the Good Shepherd in the City of Binghamton, County of Broome, State of New York."